United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE AND ANNE RASKIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C-10-04700 TEH (DMR)<br><br>**ORDER RE PARTIES' JOINT DISCOVERY LETTER OF SEPTEMBER 2, 2011 [DOCKET NO. 33]** |

Before the court is the parties' joint discovery letter of September 2, 2011 [Docket No. 33]. The court conducted a hearing on September 20, 2011 during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the court on the record during the September 20, 2011 hearing.

Plaintiffs Jane Doe and Anne Raskin are current employees of Defendant City and County of San Francisco ("CCSF"), Department of Emergency Management. Plaintiffs allege that Defendant CCSF and four individual defendants violated the federal Stored Communications Act, 18 U.S.C. §§ 2701-2711, and state constitutional guarantees of Plaintiffs' right to privacy when, in October 2009, supervisors in the Department of Emergency Management accessed and printed out a number of emails from Jane Doe's personal Yahoo! email account. The emails contained communications between Plaintiffs Jane Doe and Anne Raskin and other employees of the Department of Emergency

1 Management regarding both personal and work-related matters, and included disparaging comments
2 about Plaintiffs' coworkers and supervisors. Plaintiffs also allege, *inter alia*, claims of sex
3 discrimination, gender-based harassment, and retaliation in violation of state and federal laws
4 against Defendants.

5     Defendant CCSF produced the emails taken from Plaintiff Doe's personal email account to
6 Plaintiffs as part of its Federal Rule of Civil Procedure 26 initial disclosures. Plaintiffs' depositions
7 commenced but were adjourned after Plaintiffs' counsel objected to questions about matters
8 concerning or referencing the emails; the depositions have not been concluded. In the parties' joint
9 discovery letter, Plaintiffs argue the emails taken by Defendants are private and confidential, and
10 seek an order finding that the emails taken from Plaintiff Doe's email account were obtained in
11 violation of state and federal law because they were taken without her consent and for no lawful
12 purpose. Plaintiffs also request injunctive relief, seeking an order directing Defendants to return all
13 copies of the emails in their possession so that the emails may be destroyed. Finally, Plaintiffs seek
14 an order directing Defendants to cease and desist referencing, discussing, or using the emails in any
15 way in this litigation. Defendants argue that many of the emails contained work-related
16 communications and included personnel information relating to an ongoing investigation and
17 potential discipline, and are relevant to Plaintiffs' claims of sex discrimination, gender-based
18 harassment, and retaliation. Therefore, Defendants argue, they should be permitted to examine
19 Plaintiffs about the content of the emails.

20     Much of the relief sought by Plaintiffs in this motion must be reserved for decision by the
21 trier of fact. Plaintiffs essentially seek a ruling on the ultimate question of whether Plaintiffs
22 suffered statutory or constitutional violations as alleged in their complaint. This is clearly outside of
23 the scope of the referral of this matter to the undersigned for all discovery purposes. [Docket No.
24 24.]

25     With respect to the use of the emails during discovery, Defendants have made an adequate
26 showing that the information contained in the emails is relevant to their defense of Plaintiffs' claims.
27 Therefore, Defendants may examine each Plaintiff regarding the substance of the emails taken from
28 Plaintiff Doe's email account, but any such questioning is limited to thirty (30) minutes per Plaintiff.

2

Any time spent by Defendants questioning Plaintiffs regarding the substance of the emails shall count against the maximum allotted time of seven hours per deposition. *See* Fed. R. Civ. P. 30(d)(1). Further, any testimony regarding the substance of the emails taken from Plaintiff Doe's personal email account shall be designated as "confidential" and subject to the terms of the protective order in this case governing Protected Material, including the requirement that deposition transcript pages containing testimony designated as confidential be bound separately. (Protective Order § 5.2(b).) This requirement will ensure that testimony regarding the substance of the emails may be easily segregated from other deposition testimony in the event the trial court ultimately determines the emails were obtained unlawfully and are thus inadmissible at trial, along with any testimony regarding the emails.

IT IS SO ORDERED.

Dated: September 20, 2011

_____
DONNA M. RYU
United States Magistrate Judge

3