IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE and ANNE RASKIN,

            Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

            Defendants.

NO. C10-04700 TEH

ORDER DENYING MOTION TO AMEND THE COMPLAINT

       This matter comes before the Court on November 28, 2011, on a motion to amend the complaint filed by Plaintiffs Jane Doe and Anne Raskin ("Plaintiffs" or "Doe" and "Raskin"). For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

       Plaintiffs, employees of Defendant City and County of San Francisco Department of Emergency Communications ("DEC"), contend that there has been a longstanding culture of bullying, hazing, and female-on-female gender-based harassment on the midnight shift of the DEC 911 dispatch. Following a long and intricate history of conflict between Plaintiff Doe and her supervisors, named as Defendants in this case, an incident involving Doe's personal email account brought the discord to a head in the fall and winter of 2009.

       DEC provides a bank of computers for use by employees on their breaks, on which employees may check personal email and use the internet for non-work-related reasons, so long as they do not use the computers for any improper purpose. In October of 2009, 28 emails from Jane Doe's personal Yahoo! email account were printed by Defendants and submitted to the DEC's human resources department for review, based on (according to Defendants) the concern that the emails may contain confidential DEC personnel

1 information, improperly disclosed by Doe to outside parties. According to Defendants, these emails were found by one of the Defendants when Doe left them open in multiple minimized windows on the shared workplace computer. According to Doe, the emails printed by Defendants were not open in minimized windows, but found by Defendant Madsen, who Doe claims searched through her inbox, sent mail, and folders to find emails containing potentially incendiary communications.

In December of 2009, Doe was informed of the emails received by human resources, during the course of their investigation (which ultimately did not find the emails violative of DEC policy). On October 14, 2010, Doe and Raskin (whose writings were also contained in the emails, as she had corresponded with Doe) filed suit, alleging violations of the Federal Stored Communications Act, California's whistleblower statutes, invasion of privacy, intentional infliction of emotional distress, as well as several California Fair Employment and Housing Act violations relating to gender-based discrimination, sexual harassment, and retaliatory conduct. On February 2, 2011, this Court issued an Order For Pretrial Preparation, specifying a trial date of January 10, 2011, with non-expert discovery to be concluded by September 26, 2011, and the last day to file dispositive motions in the case set as October 17, 2011. On October 17, Defendants filed a motion for summary judgment, and Plaintiffs filed the instant motion to amend their complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the Defendants oppose the motion, therefore the Court's leave is required.

In the Ninth Circuit, "this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). However, there are limits to the circumstances under which a complaint may be amended, and leave to amend may be denied where "apparent or declared" evidence of "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" is found. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The most important consideration is prejudice to the nonmoving party, which may arise from a need to reopen discovery after the addition of new claims or parties. *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). When the motion to amend is made after the close of discovery and near the time of trial, the delay is considered especially prejudicial. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir.1994). Though undue delay by itself is not dispositive, it is relevant, particularly when no adequate justification for the delay has been provided. *Lockheed*, 194 F.3d at 986. New legal theories or re-assessments of known facts will not suffice to justify such a delay: denial of a motion to amend is appropriate "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

**DISCUSSION**

Plaintiffs wish to amend the complaint to clarify the pleadings, but the primary thrust of the proposed amendment is the addition of a new claim: Plaintiffs wish to bring a cause of action against Madsen and the City and County of San Francisco under 42 U.S.C. section 1983, alleging violation of Doe's Fourth Amendment right to be free from unreasonable search and seizure. This claim is based upon the same facts as the current invasion of privacy claim–the accessing of Doe's email by Madsen and the gathering and printing of Doe's emails. Much like the invasion of privacy claim, the new claim would require that Plaintiffs prove Madsen intentionally intruded into an area in which Doe had a legitimate expectation of privacy. Unlike the invasion of privacy claim, a claim under section 1983 requires further proof that Madsen did so while acting under color of law. Assuming the

3

facts supporting the latter element are Madsen's role as an employee of the local government and the attendant capacity in which she was acting when she accessed the email, it would seem that the crux of the new cause of action is the same as that of the original invasion of privacy claim. Specifically, the extent and nature of Madsen's contact with Doe's email.

It is the facts surrounding this key issue that Plaintiffs argue justify amendment of the complaint at this stage in the proceedings. Plaintiffs moved to amend the complaint on October 17, 2011, the last day for motions to be filed under the pretrial scheduling order in this case and the same day Defendants filed their motion for summary judgment. Defendants objected to the motion to amend, arguing that it was untimely and improper in that the amendments sought are not based on any newly discovered facts or evidence. Plaintiffs have justified the delay by citing the deposition of Defendant Madsen, held by stipulation two days past the September 26 cut-off date for discovery (as well as the report of Plaintiffs' computer forensics expert, Winston Krone, which was prepared on November 17, 2011)[1]. Plaintiffs argue that Ms. Madsen's deposition testimony contained admissions regarding her search of Jane Doe's email inbox, and that this testimony constitutes new information previously unavailable to the Plaintiffs.

However, the information that the printed emails resulted from a full search of Doe's email (rather than simply having been found by chance, already open and minimized on the shared computer) cannot possibly be construed as new. This has been Jane Doe's contention from the beginning, and is contained in the factual allegations of the original complaint. Doe has consistently claimed that Madsen's access to her email was extensive and involved a lengthy search of not only the inbox, but the sent mail folders and other saved messages as well. Contrary to Plaintiffs' assertions, Madsen's deposition testimony does not appear to

---

[1] Plaintiffs argue that the Krone report provides further new information, revealing that there was some deletion of relevant internet history and files from the period of the email incident. They contend the missing internet history is evidence of Madsen's having searched the inbox, and subsequently attempted to cover up her actions. While this may be, the Krone report was prepared on November 17th, 2011, exactly one month after the motion to amend was filed. Though the Krone report may contain new information, this new information could not rationally be the basis of the motion to amend. as it does not appear to have been in Plaintiffs' possession at the time the motion was filed.

4

confirm this version of events (indeed, Madsen repeatedly denies having accessed the inbox). As such, the only new information offered on this topic by the Madsen deposition is that Madsen denies Plaintiffs' claims about the extent of her access, and insists she merely opened minimized windows. Regardless of the plausibility of either version, it is clear that there has been no new revelation about the extend of Madsen's search on which a new cause of action should be based.[2]

Given the potential prejudice to the Defendants inherent in amending the complaint to add a new cause of action at this point–just over six weeks before trial, after the close of discovery, and following the filing of a motion for summary judgment–and the lack of adequate justification for the Plaintiffs' delay in moving to amend and the apparent lack of good faith inherent therein, amendment at this juncture is not appropriate.

**CONCLUSION**

For the reasons detailed above, the motion to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated: 12/01/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Further underscoring the idea that the facts giving rise to the Fourth Amendment claim are not new is the report of Terrence Daniel documenting the investigation into the email incident conducted at DEC. The report notes that when Ms. Doe was first informed of her emails having been passed on to human resources, she "was upset and began by saying this is a violation of her fourth amendment rights." [sic]. (Sealed Ex. M to Decl. Of Lawrence Hecimovich in Supp. Of Defs.' Mot. For Summ. J. at 4, *Doe et al. v. City and County of San Francisco et al.*, No. 10-04700 TEH (N.D. Cal. Oct. 19, 2011) (No. 47)).