IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE and ANNE RASKIN,

                Plaintiffs,

     v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

                Defendants.

NO. C10-04700 TEH

ORDER ON MOTIONS IN LIMINE

       This matter comes before the Court on the motions *in limine* filed by both parties on December 20, 2011. Presently, there is a hearing scheduled for January 10, 2012, at which oral argument on these motions was contemplated. The hearing date shall remain as set, with oral argument to be heard on Plaintiffs' motion *in limine* number one, pertaining to the contents of the emails involved in this case. On the remaining motions *in limine*, the Court now rules as set forth below.

*Plaintiffs' Motion Two*

       The Court hereby GRANTS Plaintiffs' motion *in limine* number two. Though the Federal Rules of Civil Procedure exempt from the otherwise-mandatory disclosures of Fed. R. Civ. P. 26(a) that evidence which is to be presented at trial "solely for the purposes of impeachment" (Fed. R. Civ. P. 26(a)(3)), it does not exempt that which bears substantive (i.e. non-impeachment) value. The witnesses, as described by the Defendants, do not seem to be "solely for the purposes of impeachment"–in fact, the Defendants describe two of their witnesses as having the substantive value of establishing a chain of custody for relevant evidence, two others for establishing a lack of consent to disclosure of information, and does not describe the contemplated purpose of the remaining eight witnesses. Because Defendants

have failed to establish that these witnesses are to be used solely for the purposes of impeachment, and did not disclose these witnesses to the Plaintiffs as required by Rule 26, the witnesses are excluded.

*Plaintiffs' Motion Three*

As the Defendants failed to respond to Plaintiffs' motion *in limine* number three, it is GRANTED as unopposed.

*Defendants' Motion One*

Defendants' motion *in limine* number one seeks to exclude evidence that would be used to support claims not presently made. As it is common practice to deny the inclusion of evidence unrelated to any pending claim and therefore wholly irrelevant to the case at bar, this motion is GRANTED. However, this ruling shall not extend to bar evidence related to presently pending claims.

*Defendants' Motion Two*

Defendants' motion *in limine* number two similarly seeks to exclude evidence of a claim for exemplary and punitive damages which has not actually been made by Plaintiffs. It is DENIED AS MOOT.

*Defendants' Motion Three*

Defendants' motion *in limine* number three pertains to the conduct that is alleged to have occurred prior to October of 2009. Defendants' claim that this conduct should be barred as outside the statute of limitations period for the claims made by Plaintiffs in this case. Plaintiffs respond that the "continuing violation" doctrine allows the admission of evidence of acts outside the statute of limitations period where "(1) the actions are sufficiently similar in kind; (2) they occur with sufficient frequency; and (3) they have not acquired a degree of "permanence" so that employees are on notice that further efforts at

informal conciliation with the employer to obtain accommodation or end harassment would be futile.*"* *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 802 (2001). Here, neither party claims that there was a period of time during which the Defendants were in contact with the Plaintiffs without incident–rather, the interruptions alleged by the Defendants were periods of time when Plaintiffs were altogether absent. Therefore, the continuing violation doctrine applies in this case, and the evidence of earlier acts is appropriate material. This motion is DENIED.

*Defendants' Motion Four*

Defendants' motion *in limine* number four seeks to exclude evidence of harassment neither witnessed by nor directed at the Plaintiffs. Such evidence would constitute hearsay, and, even if not hearsay evidence, lacks sufficient relevance for inclusion. The motion is therefore GRANTED.

*Defendants' Motion Five*

Defendants' motion *in limine* number five seeks to exclude the testimony of Plaintiffs' human resources expert. The testimony of this expert will assist the jury in determining whether the response of the City and County of San Francisco to the complaints of Plaintiffs was adequate, and therefore will aid the jury in their decision on Plaintiffs claim under Cal. Gov. Code section 12940(k). It does not seem that this testimony will encroach on the provenance of the jury or draw any legal conclusions (which would, of course, be inadmissible). This motion is therefore DENIED.

*Defendants' Motion Six*

Defendants' motion *in limine* number six seeks to exclude Plaintiffs' expert on economics, who Plaintiffs hope to use to establish an amount of damages. The concerns listed by Defendants in their motion are proper fodder for cross-examination, but not grounds for exclusion of the testimony altogether. The motion is therefore DENIED.

3

*Defendants' Motion Seven*

For the same reason, Defendants' motion *in limine* number seven is similarly DENIED.

*Defendants' Motion Eight*

Defendants' final motion *in limine*, number eight, seeks to preclude Plaintiffs' computer forensics expert, Winston Krone, from testifying as to the conclusions contained in his supplemental report. The delay described by Defendants in Mr, Krone's progress, which gave rise to the untimeliness of his latter conclusions, is not excusable in the eyes of this Court. The motion is therefore GRANTED.

*Further Hearing*

Oral argument on Plaintiffs' motion *in limine* number one shall be heard at the hearing presently set on January 10th, 2012. The parties should come prepared to discuss the expected use and relevance of the content of the emails, with particular attention to how the evidence may or may not duplicate the testimony of other witnesses expected to testify. Specific questions for the parties will be provided at the hearing.

**IT IS SO ORDERED.**

Dated: 1/4/2012

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4