IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE and ANNE RASKIN,

            Plaintiffs,

      v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

            Defendants.

NO. C10-04700 TEH

ORDER ON PLAINTIFFS' MOTION REGARDING SPOLIATION

    On December 22, 2011, Plaintiffs filed a motion requesting sanctions for the spoliation of evidence by Defendants. They rely on the report of their expert, Winston Krone, in arguing that the data missing from the hard drive of the computer from which Plaintiff Jane Doe's email was printed is indicative of a non-automated deletion process, and therefore suggests interference on the part of Defendants. They note that Defendants were alerted as early as December 4, 2009 to the import of the hard drive on the computer in question, and failed to preserve the evidence contained therein. They request a default judgment as a sanction under Fed. R. Civ. P. 37, or, in the alternative, jury instructions stating that Defendants deliberately deleted electronic data on the hard drive in question, and monetary sanctions.

    It bears mention that the destruction of evidence was raised in the hearing held before this Court on Defendant's motion for summary judgment, on November 28, 2011. As the argument of counsel at that hearing demonstrated that counsel was aware of the deleted information as of that date, the Court finds the timing of the Plaintiffs' spoliation motion to be concerningly delayed. The Court indicated its concern at the pretrial conference held on December 19, 2011, but nevertheless granted Plaintiffs' request to file the instant motion. As

1  the Court granted the Plaintiffs permission to bring this motion, the Court will rule on the
2  motion's merits.

3  Spoliation occurs when "(1) the party having control over the evidence had an
4  obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was
5  accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered
6  was 'relevant' to the claims or defenses of the party that sought the discovery of the spoliated
7  evidence[.]" *Surowiec v. Capital Title Agency, Inc.*, 790 F.Supp.2d 997, 1005 (D. Ariz. 2011)
8  (quoting *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 509 (D. Md. 2009)).

9  Plaintiffs persuasively argue that the parties with control over the evidence were
10 aware of its import in this case, and therefore of their duty to preserve the evidence.
11 However, the Plaintiffs are unable to demonstrate that there was a destruction or loss
12 accompanied by a "culpable state of mind", as required by the second element above. Their
13 expert, Mr. Krone, is only able to conclude that the forensic image of the hard drive is
14 inconsistent with that created by an automated deletion process, and that, therefore, it is
15 suggested that *someone* manually deleted files. The plaintiffs make no mention of specifics
16 in their briefing, nor do they address the requirement that a culpable state of mind be shown.
17 This is not enough to meet the second element required for a showing of spoliation. For this
18 reason, Plaintiffs' motion is DENIED.

**IT IS SO ORDERED.**

Dated: 1/5/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2